# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

HOMEADVISOR, INC., a Delaware corporation,

    Plaintiff,

v.

ANGIE'S LIST, INC., a Delaware corporation,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff HomeAdvisor, Inc. ("HomeAdvisor"), through its counsel Lathrop & Gage LLP, submits the following as its complaint and jury demand against defendant Angie's List, Inc. ("Angie's List") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to enjoin and remedy false advertising and deceptive trade practices by Angie's List. In particular, HomeAdvisor's claims arise out of false and misleading statements and omissions of fact made by Angie's List in advertising its "Service Quality Guarantee" and "Fair Price Guarantee" programs. Among other things, in its national advertising campaign for these programs, Angie's List has deliberately failed to disclose that they are available only to a small fraction of the Angie's List membership and apply only to a small subset of the services that its membership uses Angie's List to obtain. For example, all of Angie's List's "Basic" members – that is, the bulk of the entire membership – are ineligible for the Service Quality Guarantee, and both so-called "Guarantees" apply only to services purchased

online directly through Angie's List – a tiny fraction of the total number of purchases that Angie's List facilitates. These and other restrictions and limitations render these purported "Guarantees" illusory for the vast majority of Angie's List's current and potential members.

2. Angie's List's false and deceptive advertising has harmed and continues to harm HomeAdvisor, a principal competitor in the home services referral marketplace. By this action, HomeAdvisor seeks to put a stop to Angie's List's unlawful advertising practices deceptively touting its "Service Quality Guarantee" and "Fair Price Guarantee" programs.

## THE PARTIES

3. Plaintiff HomeAdvisor, Inc. ("HomeAdvisor") is a Delaware corporation in good standing and registered to do business in the State of Colorado, with its principal place of business at 14023 Denver West Parkway, Golden, Colorado 80401.

4. Defendant Angie's List, Inc. ("Angie's List") is a Delaware corporation with its principal place of business at 1030 E. Washington Street, Indianapolis, Indiana 46202.

## JURISDICTION AND VENUE

5. This is an action for unfair competition under federal law, 15 U.S.C. § 1125(a), and the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over Angie's List. Angie's List conducts continuous and systematic business in this District. Angie's List operates a national local-services and consumer-review online service that enables consumers to research, shop for and purchase local services for home improvement, health and automotive needs. Angie's List

makes its services available to consumers in this District, and publishes and disseminates television, radio, Internet, print and social-media advertising throughout the United States, including within this District.

7.  On information and belief, Angie's List has disseminated and continues to disseminate the deceptive and misleading advertisements at issue in this lawsuit to various television, Internet and other media outlets within this District. Angie's List's actions have caused harm to HomeAdvisor in this District, resulting from, among other things, consumers and service professionals electing to use and purchase Angie's List's services due to Angie's List's deceptive advertising instead of using or purchasing HomeAdvisor's services. On further information and belief, Angie's List derives substantial revenue from its business activities within this District.

8.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c) because Angie's List is subject to personal jurisdiction within this District, has committed acts of false advertising and deceptive trade practices in this District and resides within this District.

## GENERAL ALLEGATIONS

9.  HomeAdvisor, headquartered in Golden, Colorado, provides an online service to consumers that matches their service requests for home improvement and other projects to local service professionals. HomeAdvisor's network of pre-screened service professionals includes more than 100,000 businesses and spans the United States and beyond. As a leading national home improvement marketplace, HomeAdvisor provides an online service that connects millions of homeowners with local pre-screened service professionals profiled to perform the service

3

desired.  This service is free of charge to the consumer; for the provision of its services, HomeAdvisor is compensated by the service professionals in its network.

10. Angie's List is the principal competitor of HomeAdvisor, and nationally operates an online subscription-based local services marketplace for services that include home improvement projects, health and automotive services.

11. Angie's List offers several tiers of subscription membership, including Basic, Premium and Plus.  On information and belief, most Angie's List members are "Basic" members.

12. In general, Angie's List members can use its website to research and select local service providers, and to rate and review the providers following a project.  Angie's List members use its database of ratings and reviews to identify and hire providers for their local service needs.  Typically, service providers are hired directly by members in off-line transactions that do not involve Angie's List.

13. Only fairly recently, beginning in or about 2014, has Angie's List offered an e-commerce marketplace that enables its members to purchase services directly through the Angie's List website.  On information and belief, only a very small percentage of transactions in which consumers use Angie's List to identify and subsequently hire service providers are completed using Angie's List's e-commerce marketplace.  Angie's List receives a portion of the fees paid by consumers to service providers when the services are arranged and paid for via Angie's List's e-commerce marketplace.

14. In or about October 2015, Angie's List began advertising new programs called the "Service Quality Guarantee" and the "Fair Price Guarantee."  Since introducing these programs,

Angie's List has prominently featured these "Guarantees" as centerpieces of the services it offers consumers.

15.     In national television advertising, including advertising directed to consumers within this District, Angie's List portrays the "Fair Price Guarantee" as a guarantee that members of Angie's List will receive a "fair price" for services they arrange using Angie's List.  Likewise, in national television advertising directed to consumers in this District and elsewhere, Angie's List characterizes the "Service Quality Guarantee" as a guarantee that if the services performed by a service provider listed on Angie's List are not performed to the consumer's satisfaction, Angie's List will "make it right," including by reimbursing the consumer for the amounts paid to the service provider up to $100,000.  Angie's List's advertising promoting its "Guarantees" is also published and disseminated on the Internet, including through websites such as www.youtube.com and www.vimeo.com.

16.     In a television commercial introducing the Fair Price and Service Quality Guarantees, Angie's List's co-founder and Chief Marketing Officer, Angie Hicks, states:

> At Angie's List we've always had just one goal: to help our members get quality service that they'll love.  And now we're taking that one step further, with our Fair Price and Service Quality Guarantees.  We now promise that our members get a fair price on services purchased at angieslist.com.  And if you're not completely satisfied, we'll make it right, or we'll refund your purchase price up to 100,000 dollars.  All this so as a member, you'll get service you can't help but love.  Get the exclusive member protections of Angie's List.  Join today!

This commercial is available for viewing online at a Vimeo account held by Angie's List, at URL: https://vimeo.com/148506455.

17.     During the commercial introducing the Fair Price and Service Quality Guarantees referenced above, the following graphic is displayed, suggesting that the Service Quality Guarantee applies to all services contracted using Angie's List, without limitation:



18.     In a similar commercial introducing the "Guarantees," Ms. Hicks describes the Service Quality Guarantee as follows: "If the project isn't done to your satisfaction, we'll make it right or refund your purchase up to 100,000 dollars." *See* https://vimeo.com/142660383.

19.     Angie's List further touts the Service Quality Guarantee and the Fair Price Guarantee as cornerstones of its services in a series of themed commercials. For example, in its "Good Dog" commercial, Ms. Hicks states: "At Angie's List, we guarantee a fair price, quality service, and that a tired dog is a good dog. So when you need a dog walker, or a handy man, we can help you get the job done right, guaranteed." *See* https://vimeo.com/159425301.

6

20.     The same pitch used in the "Good Dog" commercial is repeated in Angie's List's "What Goes Down," "Taste," and "Hidden Smells" commercials. *See* https://vimeo.com/159496658; https://www.youtube.com/watch?v=82BUB99bYjg; https://www.youtube.com/watch?v=bbRYzpVAcrg.  That is, each of these commercials also claims: "At Angie's List, we guarantee a fair price, quality service and . . . we'll help you get the job done right, guaranteed."

21.     Angie's List's advertisements for the Fair Price and Service Quality Guarantees also use badges or emblems of a "Guarantee" or "Guarantees" to suggest and reinforce the message that these programs are widely available across the board to all Angie's List members and cover all of its services.  For example, each of the themed commercials referenced above promoting Angie's List's services as "guaranteed" features the following graphic during Ms. Hicks's statements:



22. The television and Internet advertising campaigns for Angie's List's Fair Price and Service Quality Guarantees, including those ads referenced above, fail to inform consumers of the significant limitations on the purported "Guarantees." Instead, Angie's List's advertising promotes its services by expressly or impliedly suggesting that the "Guarantees" apply to all services arranged by any and all members of Angie's List.

23. In fact, the Fair Price and Service Quality Guarantees are not available to all Angie's List members and do not apply to all transactions between Angie's List members and service providers listed on Angie's List. Rather, these purported "Guarantees" are very limited in their application.

24. Among other limitations and restrictions, the Service Quality Guarantee is available only to Angie's List members with Premium or Plus memberships, and not to the vast majority of Angie's List members who have only a Basic membership (and therefore not to the vast majority of non-member consumers who would purchase only a Basic membership). The Service Quality Guarantee also applies only to services purchased directly through Angie's List's e-commerce marketplace, and not to the vast majority of transactions in which members contract directly with the service provider. Further (and contrary to its television commercial's promise that a refund is available "if *you're* not completely satisfied"), Angie's List, not the member, has the sole discretion to determine whether the services in question were performed in an unsatisfactory manner and thus trigger the Service Quality Guarantee.

25. Among other limitations and restrictions, the Fair Price Guarantee applies only to services purchased directly through the Angie's List e-commerce marketplace, and only if the member completes a "Fair Price Claim" form *prior* to any work being performed. Further, the

8

Fair Price Guarantee excludes all goods and services for which Angie's List "does not have a Fair Price Range available."

26. Despite these significant limitations and restrictions on the availability and applicability of the Fair Price and Service Quality Guarantees, Angie's List has aggressively advertised to consumers throughout the country that its services are "guaranteed" and that membership entitles a consumer to such protections, including a refund of service payments made up to $100,000.

27. Certain of Angie's List's advertisements concerning its Fair Price and Service Quality Guarantees include illegible, unnoticeable, fleeting, vague and/or ambiguous fine-print disclaimers. These purported disclaimers, such as the statement that the Guarantees are "available for eligible members on qualified purchases," are (to the extent they can even be accurately perceived by consumers watching television and Internet commercials in real time and under real-world conditions) woefully inadequate to convey to consumers the severe limitations associated with the purported "Guarantees."

28. Angie's List's deceptive and misleading advertisements concerning its Fair Price and Service Quality Guarantees have been widespread and directed to a large swath of the public, reaching vast numbers of consumers through national television broadcasts on regularly scheduled programming and by Internet and other media outlets. On information and belief, such advertising has reached numerous current and potential consumers of Angie's List's and HomeAdvisor's services in Colorado. The misleading and incomplete information about the Angie's List "Guarantees" provided in such advertising is material to consumers' decisions

whether to use, enroll for membership in and/or purchase services from Angie's List, as opposed to competitors such as HomeAdvisor.

**FIRST CLAIM FOR RELIEF**
(Federal False Advertising - Service Quality Guarantee)
(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

29. HomeAdvisor restates and incorporates by reference paragraphs 1 through 29 of this Complaint.

30. Angie's List has made false or misleading descriptions of fact and representations of fact in commercial advertising that misrepresent the nature, characteristics and qualities of its services and commercial activities, in particular, its "Service Quality Guarantee" program.

31. Angie's List's actions constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Angie's List knew that its representations and material omissions of fact regarding the "Service Quality Guarantee" were false and misleading at the time these statements were made, and intended to mislead consumers regarding the nature, qualities and characteristics of its "Service Quality Guarantee" program.  Accordingly, Angie's List's unlawful conduct has been and continues to be willful and intentional.

33. HomeAdvisor has been and will continue to be irreparably harmed and damaged by Angie's List's conduct, and lacks an adequate remedy at law.

34. HomeAdvisor is informed and believes, and on that basis alleges, that Angie's List has gained profits by reason of its unlawful conduct.

35. As a direct and proximate result of Angie's List's unlawful conduct, HomeAdvisor has suffered and will continue to suffer damages, including lost profits and a

diminution in the market share that HomeAdvisor would have obtained or maintained but for Angie's List's unlawful conduct.

36.     Because Angie's List's actions have been and are willful, intentional and flagrant, this is an exceptional case, and HomeAdvisor is entitled to treble damages and an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
**(Federal False Advertising - Fair Price Guarantee)**
**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

37.     HomeAdvisor restates and incorporates by reference paragraphs 1 through 37 of this Complaint.

38.     Angie's List has made false or misleading descriptions of fact and representations of fact in commercial advertising that misrepresent the nature, characteristics and qualities of its services and commercial activities, in particular, its "Fair Price Guarantee" program.

39.     Angie's List's actions constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Angie's List knew that its representations and material omissions of fact regarding the "Fair Price Guarantee" were false and misleading at the time these statements were made, and intended to mislead consumers regarding the nature, qualities and characteristics of its "Fair Price Guarantee" program.  Accordingly, Angie's List's unlawful conduct has been and continues to be willful and intentional.

41.     HomeAdvisor has been and will continue to be irreparably harmed and damaged by Angie's List's conduct, and lacks an adequate remedy at law.

42. HomeAdvisor is informed and believes, and on that basis alleges, that Angie's List has gained profits by reason of its unlawful conduct.

43. As a direct and proximate result of Angie's List's unlawful conduct, HomeAdvisor has suffered and will continue to suffer damages, including lost profits and a diminution in the market share that HomeAdvisor would have obtained or maintained but for Angie's List's unlawful conduct.

44. Because Angie's List's actions have been and are willful, intentional and flagrant, this is an exceptional case, and HomeAdvisor is entitled to treble damages and an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**
**(Deceptive Trade Practices)**
**(Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6–1–105, 6–1–113)**

45. HomeAdvisor restates and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Angie's List has made false or misleading descriptions of fact and representations of fact in commercial advertising that misrepresent the nature, characteristics and qualities of its services and commercial activities, in particular, its "Service Quality Guarantee" and "Fair Price Guarantee" programs.

47. Angie's List's actions constitute unfair or deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105. Angie's List's deceptive trade practices as alleged herein include, but are not limited to, knowingly making false representations as to the characteristics and benefits of services; advertising goods or services with intent not to sell them as advertised; and advertising or representing that goods or services

are guaranteed without clearly and conspicuously disclosing the nature and extent of the guarantee, any material conditions or limitations in the guarantee which are imposed by the guarantor, and/or the manner in which the guarantor will perform.

48. Angie's List knew that its representations and material omissions of fact regarding the "Service Quality Guarantee" and the "Fair Price Guarantee" were false and misleading at the time these statements were made, and intended to mislead consumers regarding the nature, qualities and characteristics of its services. Angie's List's unfair and deceptive conduct has been and continues to be willful, intentional, and in bad faith.

49. Angie's List's unfair and deceptive trade practices alleged herein have significantly impacted the public as current or potential consumers of Angie's List's goods or services.

50. Angie's List's misconduct in violation of the Colorado Consumer Protection Act occurred in the course of its business.

51. Angie's List's violations have been committed willfully with an intent to damage HomeAdvisor and divert business from HomeAdvisor, and have caused and will continue to cause damage and irreparable harm and injury to HomeAdvisor unless and until such time as they are preliminarily and permanently enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, HomeAdvisor prays for relief, as follows:

1. A judgment that Angie's List has made false or misleading descriptions of fact and representations of fact in commercial advertising that misrepresent the nature, characteristics

or qualities of its services and commercial activities, specifically its "Service Quality Guarantee" program, in violation of 15 U.S.C. § 1125(a) and Colo. Rev. Stat. § 6–1–105;

2. A judgment that Angie's List has made false or misleading descriptions of fact and representations of fact in commercial advertising that misrepresent the nature, characteristics and qualities of its services and commercial activities, specifically its "Fair Price Guarantee" program, in violation of 15 U.S.C. § 1125(a) and Colo. Rev. Stat. § 6–1–105;

3. An order preliminarily and permanently enjoining Angie's List from engaging in false and misleading advertising and marketing in connection with its "Service Quality Guarantee" and "Fair Price Guarantee" programs;

4. A judgment awarding HomeAdvisor damages arising from Angie's List's unlawful conduct in an amount to be determined at trial, as well as prejudgment interest as authorized by law;

5. An accounting of Angie's List's profits pursuant to 15 U.S.C. § 1117;

6. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117 and Colo. Rev. Stat. § 6-1-113;

7. An award of HomeAdvisor's attorneys' fees pursuant to 15 U.S.C. § 1117 and Colo. Rev. Stat. § 6-1-113;

8. HomeAdvisor's costs of suit; and

9. Such other relief as the Court may find appropriate under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DATED this __4th__ day of May, 2016.

        Respectfully submitted,
        LATHROP & GAGE LLP


        *s/* Stephen J. Horace
        Stephen J. Horace
        Alexander C. Clayden
        950 17th Street, Suite 2400
        Denver, CO 80202
        Phone: (720) 931-3200
        Fax: (720) 931-3201
        shorace@lathropgage.com
        aclayden@lathropage.com

        *Attorneys for Plaintiff HomeAdvisor, Inc.*


<u>Plaintiff's Address:</u>
HomeAdvisor, Inc.
14023 Denver West Parkway
Golden, CO 80401